opr.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

APR 2 0 1995

Michael N. Milby, Clerk

| | | |
|---|---|---|
| RAYMOND GEORGE RILES, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. H-95-820 |
| TEXAS DEPARTMENT OF CRIMINAL | * | |
| JUSTICE-ID PSYCHIATRIC& | * | |
| ASSOCIATION, | * | |
| Defendant. | * | |

## INITIAL ORDER

The plaintiff, a prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983. The plaintiff claims indigency and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915(a).

When a plaintiff seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. § 1915(d). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. See Pugh v Parish of St. Tammany, 875 F.2d 436, 438 (5th Cir. 1989); Booker v Koonce, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process. Therefore, such claims are dismissible sua sponte prior to service under 28 U.S.C. § 1915(d). Ali v. Higgs, 892 F.2d 438 (5th Cir. 1990).

The facts of this case have not been sufficiently developed to enable the court to determine whether this action should proceed

and service of process should be ordered, or whether it is dismissible as frivolous or malicious. The plaintiff may be requested to furnish a more definite statement of facts, see, e.g., Watson v. Ault, 525 F.2d 886, 893 (5th Cir. 1976), and, in addition, a hearing under Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), may be necessary to further clarify the factual underpinnings of the claims. Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986).

Accordingly, the plaintiff's complaint shall be filed and the application to proceed further in forma pauperis is GRANTED but further proceedings are stayed until the court makes the appropriate determination under 28 U.S.C. § 1915(d). See, e.g., Mitchell v. Sheriff Dept., Lubbock County, 995 F.2d 60 (5th Cir. 1993). The plaintiff shall file no motions and shall conduct no discovery until authorized by the court. Any motion filed or discovery initiated or conducted in violation of this order will be stricken.

Parties are reminded of the requirements of Fed.R.Civ.P. 11; plaintiff in particular is advised that, though he proceeds pro se, this is a civil action in which a signature on pleadings is a declaration that the allegations in the pleadings are true, to the best of plaintiff's knowledge. If the allegations are not true, plaintiff may be subject to sanctions including, but not limited to: (1) automatic striking of the pleading or other document; (2) dismissal of the action; (3) an order to pay to the other party the

reasonable expenses incurred because of the pleading or other document, including attorney's fees; and (4) monetary fines.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas on this _____ *19th* _____ day of _____ *April* _____, 19*95*.

_____
UNITED STATES ~~MAGISTRATE~~ JUDGE